# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD R. SMITH, | CASE NO. 1:07-cv-00692-LJO-NEW (DLB) PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

    A.  Procedural History

Plaintiff Leonard R. Smith ("plaintiff") is proceeding pro se in this civil rights action. Plaintiff is an inmate housed at the California Correctional Institution ("CCI") in Tehachapi, where the events at issue in this action allegedly occurred. Plaintiff brought suit in Kern County Superior Court against defendants California Department of Corrections and Rehabilitation, Associate Warden F. Gonzalez, Chief Deputy Warden L. L. Schulteis, and Does 1-100. Defendants Gonzalez and Schulteis removed the action to this court on May 8, 2007.

    B.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

    C.    Plaintiff's Claims

Plaintiff alleges claims for violation of the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment of the United States Constitution, arising from prison disciplinary hearing proceedings at which plaintiff lost sixty-one days of time credits. Plaintiff seeks money damages and the restoration of his time credits.

Claims brought against prison officials for violation of prisoners' constitutional rights are brought pursuant to 42 U.S.C. § 1983. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). In this instance, the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence. As a result, plaintiff's section 1983 due process and Eighth Amendment claims are barred until such time as plaintiff invalidates

///

the result of the disciplinary hearing via the prison's administrative process or a petition for writ of habeas corpus. Dismissal of this action is required.

II.     Order

Based on the foregoing, this action is HEREBY DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:   August 31, 2007**                             /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE